UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:18-CV-00173-JHM**

**BONNIE REYNOLDS**     **PLAINTIFF**

**V.**

**DOLLAR GENERAL CORPORATION;**
**DOLLAR GENERAL PARTNERS;**
**DG STRATEGIC VI, LLC;**
**NATIONAL MERCHANDISING OF AMERICA, INC.;**
**MANN CONSTRUCTION, INC.;**
**BUDGET ELECTRIC, LLC;**
**NATIONAL RESETS & REMODELS, LLC**     **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Mann Construction, Inc.'s Motion for Summary Judgment. [DN 67]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's Motion for Summary Judgment is **DENIED** without prejudice.

### I. BACKGROUND

According to the Second Amended Complaint, Plaintiff Bonnie Reynolds was injured by a falling shelving unit as she walked into a Dollar General store in Owensboro, Kentucky. [DN 32 ¶¶ 11–12]. The store was under construction at the time, and several contractors were performing work on the building. [*Id*. at ¶¶ 21–23]. Plaintiff sued Dollar General Corporation, its subsidiaries, and four contractors or subcontractors who performed construction work, asserting negligence. [*Id*. at ¶ 21]. Defendant Mann Construction, Inc. ("Mann Construction") was one of the contractors. [*Id*.].

Mann Construction now moves for summary judgment. [DN 67]. It claims that its remodel work on the Dollar General store was limited to certain types of maintenance, electrical,

1

and flooring work, and it was not responsible for the shelving units that caused Plaintiff's injuries. [*Id.* at 2]. In response, Plaintiff asks the Court to deny or defer the motion until the end of discovery, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. [DN 74]. In support, Plaintiff provides an affidavit stating that the coronavirus pandemic delayed Plaintiff's ability to conduct discovery. [DN 74-1]. Plaintiff was hospitalized with COVID-19 and her counsel's office closed for two weeks in July after a staff member tested positive for COVID-19. [DN 74 at 3–4, DN 74-1 at ¶¶ 6–7].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the nonmoving party, the nonmoving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the nonmoving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." FED. R. CIV. P. 56(c)(1). "The mere existence of

a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Mann Construction moves for summary judgment on the basis that it had no control over the shelving that allegedly caused Plaintiff's injuries. Plaintiff does not dispute the merits of Mann Construction's argument—she instead asks the Court to deny or defer ruling on the summary judgment motion until she can conduct discovery. FED. R. CIV. P. 56(d)(2).

Rule 56(d) provides that if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). "The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citing *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003)). While the nonmoving party usually must file a formal Rule 56 affidavit that states "the materials [it] hopes to obtain with further discovery," *id.*, the Sixth Circuit has recognized Rule 56(d) is satisfied if the party "complie[s] with the substance and purpose of Rule 56(d)" by "inform[ing] the district court of [the] need for discovery prior to a decision on the summary judgment motion." *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)). In *Moore*, the Sixth Circuit concluded that a plaintiff made a sufficient request for additional discovery when she argued for additional discovery in a summary judgment motion but did not file a Rule 56(d) affidavit. *Id.* Granting summary judgment simply because the

plaintiff did not file a "redundant" Rule 56(d) affidavit, the court held, would "unduly exalt form over substance." *Id*.

Here, the Plaintiff went further than the plaintiff in *Moore*—she actually filed a Rule 56(d) affidavit. [DN 74-1]. While the affidavit does not explicitly state the materials she hopes to obtain with additional discovery, the answer appears obvious: information about Mann Construction's control over the shelving unit that injured her. Granting summary judgment because Plaintiff failed to include that detail would "unduly exalt form over substance." *See Moore*, 718 F. App'x at 719.

Further, it is well-settled in the Sixth Circuit that "when the parties have no opportunity for discovery . . . ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). In *Moore*, the court reversed a district court's grant of summary judgment because the defendant moved for summary judgment only eight days after discovery opened. 718 F. App'x at 320. The court stated that such early grants of summary judgment "are extraordinary and not the norm," because "before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence." *Id*.

The parties in this case held the scheduling conference on March 17—right at the beginning of the coronavirus pandemic. At the beginning of July, the parties agreed to extend discovery "due to delays caused by the coronavirus pandemic." [DN 64]. Mann Construction moved for summary judgment twenty-eight days later, with six months left in discovery. While Plaintiff had some opportunity for discovery prior to the summary judgment motion, she did not have a sufficient opportunity to "develop and discover the evidence." *Moore*, 718 F. App'x at 320. Mann Construction's summary judgment motion was premature.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Mann Construction, Inc.'s Motion for Summary Judgment [DN 67] is **DENIED** without prejudice. Defendant can renew its motion at the close of discovery.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

November 13, 2020

cc: Counsel of Record